IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES B. WISE,
    Plaintiff,

vs.                                        Case No.: 3:08cv142/MCR/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon a "Motion for Attorney's Fees Under the Equal Access to Justice Act" ("EAJA") filed by Teresa E. Liles, Plaintiff's attorney (hereafter "Petitioner") (Doc. 25) and Defendant's response thereto (Doc. 26). Petitioner seeks an award, apparently payable to her—as opposed to Plaintiff (*see* Doc. 25 at 1, 3)—of fees in the amount of $2,750.00. In response to the motion, Defendant states that he does not contest the amounts requested, but he objects to the payment of those amounts being made to Petitioner, because there is no evidence that Plaintiff has assigned any fee awarded under the EAJA to Petitioner[1] (*id.*).

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided, 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special

---

[1] In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), *cert. denied*, 77 U.S.L.W. 3344 (Dec. 8, 2008) (No. 08-5605), the court clarified that an EAJA award, such as the award in the instant case, shall be awarded to the "prevailing party," not to the prevailing party's attorney. Although Reeves did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, the undersigned has followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition. *See, e.g.*, Turner v. Astrue, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); Buffin v. Astrue, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same). In this case, however, Petitioner has not included with the motion an assignment of benefits by Plaintiff; nor has Petitioner indicated that any such assignment has been made. Therefore, the award is properly payable to Plaintiff.

circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In <u>Shalala v. Schaefer</u>, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 19, 23). The application was timely filed, and the Commissioner's position was not substantially justified. Moreover, Defendant does not disagree that fees should be paid in this case (*see* Doc. 26). Accordingly, Plaintiff is entitled to fees.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Petitioner, on Plaintiff's behalf, seeks compensation for 22 hours in attorney fees at the rate of $125.00 per hour for time expended in representing Plaintiff in court-related proceedings and in obtaining an award of fees from the court. Defendant has represented to the court that they do not contest the reasonableness of the time claimed by Petitioner, nor the hourly rates. Thus, attorney fees totaling $2,750.00 should be awarded, and the award should be made payable to Plaintiff.

Accordingly, it respectfully **RECOMMENDED** that the Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 25) be **GRANTED** as follows:

> Plaintiff is entitled to recover fees in the amount of $2,750.00, for time expended by Plaintiff's counsel in representing Plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); the amount of attorney fees and hourly rates requested under the EAJA are reasonable; and the Commissioner is directed to pay Plaintiff that amount.

At Pensacola, Florida, this 4th day of August 2009.

            /s/ *Elizabeth M. Timothy*
            **ELIZABETH M. TIMOTHY**
            **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**